SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
SCHEER LAW GROUP, LLP
155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CA 94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
A.065-009S

Attorneys for Lender
ACM INVESTOR SERVICES, INC.

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 10-70345-RLE |
| EAST BAY ASSOCIATES, LLC | Chapter 11 |
| Debtor. | R.S. No. JLS-209 |
| | **STIPULATION TO TERMINATE AUTOMATIC STAY** |
| | Hearing-<br>Date: April 18, 2011<br>Time: 9:30 a.m.<br>Place: Bankruptcy Court<br>1300 Clay Street, Courtroom 201<br>Oakland, CA |

**I.**

**RECITALS**

1. ACM INVESTOR SERVICES, INC. ("Lender") is the current payee of a Promissory Note dated March 19, 2008 in the principal amount of $900,000.00 (the "Note") secured by a First Deed of Trust of same date, which bears interest as specified therein.

2. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "Deed of Trust") executed and recorded in Contra Costa County and which encumbers the real

property located at **APN 002-200-015, Byron Hot Springs Road, Byron, CA 94514**, (the "Property").

    3. Debtor commenced the instant bankruptcy case by filing a Voluntary Petition under Chapter 11 of Title 11 of the United States Code on September 9, 2010.

    4. The amounts due on the Note as of, September 9, 2010, the date Debtor commenced the instant case is $956,404.90 ("Claim"). Such sum does not include attorneys' fees, accruing interest, and costs not yet paid.

    5. On December 22, 2010, Lender filed a Motion for Relief from Automatic Stay which came on for preliminary hearing on January 12, 2011 and was set for a final hearing on April 18, 2011. This Stipulation is made in settlement of Lender's Motion for Relief from Automatic Stay filed in this case, which is set for final hearing on April 18, 2011 at 9:30 a.m.

## II.

## STIPULATION

The parties are agreeable to entry of the following, which terms were agreed to by ACM INVESTOR SERVICES, INC. ("Lender"), through its counsel JOSHUA L. SCHEER of SCHEER LAW GROUP, LLP and EAST BAY ASSOCIATES, LLC ("Debtor"), through its counsel RUTH ELIN AUERBACH.

    6. IT IS STIPULATED that on or before May 4, 2011 ("Payoff Date"), Debtor shall pay to Lender the entire Claim of Lender, including any accrued interest, fees, and costs as of the Payoff Date, either in certified funds or by wire transfer ("Settlement Payment").

    7. IT IS FURTHER STIPULATED that upon receipt of the Settlement Payment on or before May 4, 2011, Lender shall direct the trustee under the Deed of Trust to prepare and record deeds of reconveyance fully reconveying the lien of the Deed of Trust.

    8. IT IS FURTHER STIPULATED that if Lender does not receive the Settlement Payment from Debtor on or before May 4, 2011, counsel for Lender shall file with this Court, and serve by mail upon Debtor, and counsel for Debtor, a declaration stating a breach of this

stipulation has occurred. If within ten (10) days from the date of service of declaration re breach a cure of the breach does not take place, then Lender shall <u>submit a declaration to the Court that the default has not been cured and an ex parte order vacating the automatic stay</u> which the court shall execute forthwith and without a hearing. The Order shall provide that Lender shall have immediate relief from the Automatic Stay <u>without further notice or hearing</u> to commence or complete its foreclosure under all defaults, including any pre-petition defaults under any existing foreclosure, and thereafter take possession of the Property. The Order shall provide that Lender shall not be required to wait any additional time to proceed with its foreclosure, the provisions of Civil Code §2924g(d) and Federal Rule of Bankruptcy Procedure 4001(a)(3), being hereby waived.

9. IT IS FURTHER STIPULATED that this Stipulation is contingent upon approval by the Court as an order, and the parties request that this Stipulation be made into an order of the Court in accordance with Bankruptcy Rule 4001(d)(4). This Stipulation is not subject to the outcomes of any motions to convert or dismiss this case made by Debtor or other parties in interest.

10. IT IS FURTHER STIPULATED that the foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case or a refile. If, at any time, the Automatic Stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Lender may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

11. IT IS FURTHER STIPULATED that in the event this case is converted to a Chapter 7 proceeding, the Automatic stay shall be immediately terminated without <u>further notice, hearing or court order</u> so that Lender may commence or complete its foreclosure under all defaults, including any pre-petition defaults under any existing foreclosure, and thereafter take possession of the Property. In the event that Lender obtains relief under this paragraph, it shall not be required to wait any additional time to proceed with its foreclosure, the provisions of Civil Code §2924g(d) and Federal Rule of Bankruptcy Procedure 4001(a)(3), being hereby waived.

12. IT IS FURTHER STIPULATED that the terms of this Stipulation shall not be modified by any Chapter 11 plan proposed by the Debtor. Any Plan proposed by the Debtor shall incorporate this Stipulation in its entirety. In the event there is a discrepancy between Debtor's

Plan and this Stipulation, the terms of this Stipulation shall control. All remaining terms and conditions of Lender's Note and Deed of Trust shall remain unimpaired by the Debtor's Plan.

LAW OFFICES OF RUTH ELIN AUERBACH

Date: 4/18/2011

/s/ Ruth Elin Auerbach
RUTH ELIN AUERBACH
COUNSEL FOR DEBTOR

SCHEER LAW GROUP, LLP

Date: 4/15/11

JOSHUA L. SCHEER
COUNSEL FOR LENDER